## Slate Construction Company v. Bituminous Casualty Corporation

*Boyle, Nakles, Reeves & Stillwagon,* for plaintiff.
*J. F. Manley,* for defendant.

MIHALICH, J., September 11, 1972.—This assumpsit suit was instituted by plaintiff to recover $10,000 from defendant. After responsive pleadings, plaintiff and defendant agreed to have this case tried without a jury and submitted the suit to the court on a case stated. The parties stipulated to the relevant facts and submitted these stipulations to the court in lieu of any testimony. These stipulations are now made a part of the record. The following is the court's decision and reason for same:

Plaintiff claims it is entitled to $10,000 from defendant pursuant to the coverage of a general liability policy issued by defendant to cover plaintiff in its business.

The parties hereto agree that the policy was in effect at the time plaintiff incurred liability. Defendant contends it is not obliged to cover the liability in question because of certain exclusionary provisions in the policy. The alleged exclusionary provisions are as follows:

"This insurance does not apply:

"(i) To property damage to

"(1) property owned or occupied by or rented to the insured,

"(2) property used by the insured, or

"(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;

". . .

"(m) To property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of material, parts or equipment furnished in connection therewith;"

Plaintiff incurred liability under the following circumstances: Plaintiff, as a general contractor, entered into a contract with the Commonwealth of Pennsylvania to construct a certain highway which contained several bridges. Under authority of and with approval of the Commonwealth of Pennsylvania, plaintiff subcontracted the bridge construction to L-D Building Company (hereinafter referred to as subcontractor). Subcontractor was to furnish all labor, engineering, material, supplies, equipment and everything necessary or incidental or in connection with the construction of the bridges. The contract between (plaintiff) general contractor and subcontractor provided that

the subcontractor shall have charge of the entire work in the subcontract until completion and acceptance. Subcontractor, in the performance of his duties, purchased certain prestressed concrete beams from Dickerson Corporation. After subcontractor placed the said beams on their supports, but before securing the beams or doing any construction of the bridge road surface, an employe of (plaintiff) general contractor, in operating a piece of heavy equipment, accidentally or negligently knocked two beams from their supports, causing the beams to break to the tune of $10,510. Plaintiff paid subcontractor and now wants reimbursement from the defendant-insurer.

Defendant contends that because plaintiff was responsible for and in charge of the entire project, including the bridges, and because the bridge work was being performed on behalf of plaintiff, the exclusionary provisions previously quoted are relevant and applicable. For these reasons, defendant says they are not obliged to reimburse plaintiff.

This court agrees with defendant in that the plaintiff *had* custody and control over the whole project, including the bridges. Upon execution of the subcontract, with approval of the Commonwealth of Pennsylvania, the custody and control over the work and material to be used in the bridges passed to the subcontractor until this work was satisfactorily completed and accepted by the general contractor.

Black's Law Dictionary defines control as the "Power or authority to manage, direct, superintend, restrict, regulate, direct, govern, administer, or oversee." In this case, the power or authority was certainly vested in the subcontractor and not the plaintiff. The power of the subcontractor could be defined as "possessory control" as that term is defined in International Derrick & Equipment Company v. Buxbaum, 240 F.

2d 536, 538. (Applying Pennsylvania Law.) This court is persuaded by the logic of the International Derrick case and the cases cited therein, as they define "custody" and "control."

We cannot emphatically say that the bridge work was being done "by or on behalf of the named insured" (plaintiff). We may be able to stretch the association by saying that the bridge work was being performed remotely and conditionally on behalf of the named insured (plaintiff). Remotely, because the bridge work was being done by workers who had no *direct* association with plaintiff; conditionally because, if the bridge work was not completed satisfactorily (by subcontractor), there would be no acceptance and it would never be incorporated as work by the plaintiff. On the other hand, we can emphatically say that the bridge work was being "performed by or on behalf of the . . ." subcontractor.

The unfortunate accident involved two independent parties who are related by an incident of a subcontract. Because of the general contractor's over-all responsibility to the Commonwealth and the fact that the independent work of the subcontractor will probably, one day, blend into an integral highway, the independent character of the subcontractor is shadowed, but it is not absorbed until the subcontractor's work is satisfactorily completed and accepted.

For the above-mentioned reasons, this court finds that the exclusionary provisions, heretofore recited, have no application to the liability incurred by plaintiff to subcontractor.

The judgment of this court is in favor of plaintiff and against defendant in the amount of plaintiff's claim, as set forth in paragraph 5 of the complaint, less the $250 deductible provision in the policy.

The verdict is in favor of plaintiff and against defendant in the amount of $9,750.